IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

*Judge Hellerstein*

**11 CIV 2295**

------------------------------------x

WOLFGANG HOHENSEE              :  11-Civ.

               Petitioner,   :

-against-                      :

KAYE SCHOLER LLP,              :

               Respondent.

------------------------------------x

*RECEIVED APR 04 2011 U.S.D.C. S.D.N.Y. CASHIERS*

## NOTICE OF REMOVAL

TO:   United States District Court for the Southern District of New York:

      PLEASE TAKE NOTICE that Kaye Scholer LLP, pro se, ("Respondent"), the only respondent in this action, hereby removes this action, *Wolfgang Hohensee v. Kaye Scholer LLP* (Index No.103990/2011, Supreme Court of New York, County of New York) ("State Court Action"), to the United States District Court for the Southern District of New York, and alleges as follows:

      1.     Respondent Kaye Scholer LLP is a registered limited liability partnership under the laws of the State of New York and is engaged in the practice of law principally in the State of New York and in other states and countries.

      2.     Petitioner Wolfgang Hohensee is a German lawyer and German citizen residing in Germany with whom Respondent negotiated unsuccessfully in 2006-2007 to join Respondent as an International Partner. Those negotiations were protracted and were terminated by Respondent in or about April 2007.

32123041.DOCX

3. Petitioner thereafter nevertheless contended that he had acquired the right to become an International Partner under a purported agreement between himself and Respondent and has recently alleged over EUR 325,000 in damages relating to the alleged breach of the purported agreement (the "Purported Agreement"). In January 2011, Petitioner commenced an action in Germany based on the Purported Agreement and it is pending before the Labor Court Frankfurt, a copy of the complaint in that action is attached as Exhibit 1 ("German Complaint").

4. An International Partner's relationship with Respondent is governed by Respondent's Partnership Agreement, which contains a broad arbitration clause ("Arbitration Agreement").

5. Because Petitioner seeks to enforce the Purported Agreement, asserting that he was to become an International Partner in accordance with the Partnership Agreement, Petitioner is subject to the Arbitration Agreement, relevant portions of which are attached as Exhibit 2. In relevant part, the Arbitration Agreement provides:

> 19. Arbitration
>
> (a) In order to maintain the professional reputation and standing of the Firm and its Partners and International Partners, it is in the interest of the Firm and all of the Partners and International Partners that <u>any controversy, dispute or claim arising out of or relating to this Agreement, or the breach thereof, or affecting this Agreement or the Firm . . . shall be kept confidential</u>. In no event, therefore, shall any present or former Partner, Partners, International Partner or International Partners . . . commence any action, suit or other legal proceeding against the Firm . . . with respect to any dispute or the subject matter thereof. Instead, <u>any dispute shall be settled by arbitration</u> . . . .
>
> (b) . . . The arbitration shall be conducted in the City and County of New York and all of the arbitrators designated or appointed hereunder shall be practicing attorneys in the City and County of New York.

Thus, since both Petitioner's German Complaint and his State Court Action are claims relating to the Partnership Agreement, they are unlawful under the Arbitration Agreement. Further, to the extent that Petitioner asserts the right to be an International Partner in accordance with the Partnership Agreement, Petitioner is estopped from denying that he is bound by the arbitration clause in that Agreement.

6. Respondent served on Petitioner a Notice of Intention to Arbitrate on or about March 9, 2011 (1) seeking a declaration that Petitioner is required to arbitrate under the Arbitration Agreement the claims raised in his German Complaint and that he is estopped from further prosecuting the German Complaint pending arbitration; (2) seeking a declaration that the German Complaint lacks merit and that Respondent owes Petitioner no remuneration or damages of any kind; (3) seeking Respondent's costs and damages associated with defending the German Complaint; and (4) appointing an arbitrator. A copy of the Notice of Intention to Arbitrate is attached as Exhibit 3.

7. In response, on April 1, 2011, upon information and belief, Petitioner filed the State Court Action seeking to stay arbitration, a copy of the State Court Action complaint is attached as Exhibit 4.

I. **Jurisdiction**

8. This court has jurisdiction over this action pursuant to 9 U.S.C. §§ 203, 205 because the subject matter of the action pending in the state court relates to an arbitration agreement falling under the New York Convention. *See* 9 U.S.C. 202. The Arbitration Agreement at issue here falls under the New York Convention because it is a written agreement, it provides for arbitration in the territory of a signatory of the convention, the subject matter is

commercial, and the subject matter is international in scope. *See U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*, 241 F.3d 135, 146 (2d Cir. 2001).

9. Thus there is jurisdiction over this removed action pursuant to 9 U.S.C. § 205 and 28 U.S.C. § 1331.

**II.     Procedural Requirements for Removal**

10. On April 1, 2011, upon information and belief, Petitioner filed the State Court Action. On that same day, Respondent received a copy of the complaint via email. Upon information and belief, as of the drafting of this Notice of Removal, Respondent has not been formally served with the complaint and related pleadings in the State Court Action. This Notice of Removal is timely under both 9 U.S.C. § 205 and 28 U.S.C. § 1446(b).

11. A copy of the Verified Petition to Stay Arbitration and related pleadings in the State Court Action are annexed hereto as Exhibit 5. To date, no responsive or other documents have been filed in the State Court Action.

12. The United States District Court for the Southern District of New York is the proper court for removal of the State Court Action because it "embrac[es] the place where such action is pending." 28 U.S.C. §§ 112(b) & 1441(a).

13. The Respondent is filing written notice of this removal with the Clerk of the State Court in which the action is currently pending pursuant to 28 U.S.C. § 1446(d). Copies of the Notice of Filing Notice of Removal, together with this Notice of Removal, are being served upon Petitioner's counsel pursuant to 28 U.S.C. § 1446(d).

14. If any question arises as to the propriety of the removal of this action or the existence of an agreement to arbitrate, Respondent requests the opportunity to brief any disputed issues and to present live testimony and oral argument in support of its positions.

15. Respondent reserves all rights. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Respondent's right to assert any defense, remedy or affirmative matter including, without limitation, the defenses of 1) lack of jurisdiction over the person, 2) improper venue, 3) insufficiency of process, 4) insufficiency of service of process, 5) improper joinder of claims, 6) failure to state a claim, 7) failure to join an indispensable party(ies), 8) waiver of the right to arbitrate, or 9) any other procedural or substantive defense available under state or federal law.

WHEREFORE, the Respondent respectfully removes this action from the Supreme Court of the State of New York, County of New York, to this Court, pursuant to 28 U.S.C. § 1441.

Dated: New York, New York
April 4, 2011

KAYE SCHOLER LLP

_____
William C. Zifchak, Member of the Firm
425 Park Avenue
New York, New York 10022
(212) 836-8000