UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
WOLFGANG HOHENSEE,

        Plaintiff,

    -against-

KAYE SCHOLER LLP,

        Defendant.
---------------------------------x

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE:

**MEMORANDUM & ORDER**

11 Civ. 2295 (AKH)(MHD)

On April 1 of this year petitioner Wolfgang Hohensee commenced this proceeding in New York state court against the law firm Kaye Scholer, seeking to stay an arbitration sought by the law firm to resolve a dispute as to whether the firm had breached an agreement to retain Hohensee as a partner. Petitioner sought the stay in deference to a lawsuit that he had commenced in Germany at the end of 2010 against Kaye Scholer in which the same dispute was at issue.

Respondent removed the suit to this court on April 4, 2011, citing the applicability of the New York Convention, United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 9 U.S.C. § 201 et seq., which governs commercial arbitrations that are international in character.

1

(Notice of Removal, 3-4, Apr. 4, 2011) (citing 9 U.S.C. §§ 202-03, 205; 28 U.S.C. § 1331). The respondent law firm then moved on April 25, 2011 to compel arbitration of the dispute. Petitioner's response to that motion was postponed several times because of issues that had arisen between him and his attorneys, and on June 9, 2011, those lawyers -- Russell Beck, Esq. of Beck Reed Riden LLP and John J. Rosenberg, Esq. and Matthew H. Giger, Esq. of Rosenberg & Giger P.C. -- sought leave to withdraw as counsel and the fixing of a charging lien. They base the withdrawal request on plaintiff's failure to pay invoices and the collapse of the attorney-client relationship.

In the wake of the filing of the motion, we invited and received an in camera submission by the movants (Supplemental In Camera unsworn Aff. of Russell Beck, Esq., June 9, 2011 )[1], as well as opposition papers from plaintiff. (Letter to the Court from Dr. Wolfgang T. Hohensee, June 24, 2011). In addition, Kaye Scholer has advised the court that it consents to the motion but requests imposition of certain conditions on Mr. Hohensee to ensure the expeditious completion of this proceeding. (Aff. of William C. Zifchak, Esq., ¶ 7, sworn to June 17, 2011; Letter to the Court

---

[1] A copy of that submission was supplied to plaintiff.

from Zifchak, June 28, 2011). The movants in turn have objected, on behalf of their client, to the most salient conditions sought by defendant. (Reply of Pet'r's Counsel, July 6, 2011).

Having reviewed the submissions of the parties and moving counsel (including the in camera document), we conclude that the relationship between counsel and client has so deteriorated that the movant attorneys cannot be expected to continue to represent Mr. Hohensee in this proceeding. Indeed, although plaintiff opposes that request, his own conduct and even his representations to this court establish the basis for granting counsel's request to withdraw since the relationship is plainly unworkable because of irreconcilable conflicts.[2]

---

[2] Because of this conclusion we need not definitively determine whether petitioner's asserted failure to pay bills that his counsel assert are due and owing would in itself justify withdrawal. We note, however, that petitioner seems to harbor the surprising notion that under the circumstances -- including the absence of a retainer agreement and his assumption that not much work would be required -- his attorneys should have worked for him without compensation. (Hohensee Letter, 3-5). Needless to say, we disagree.

Petitioner also makes the argument that the stay petition was perhaps unnecessary. (Id. at 3). He can scarcely say it was unauthorized since he signed the verification attached to it. In any event, his contention appears both baseless and irrelevant to the current controversy.

3

Petitioner will be given thirty days from the issuance of this decision in which to obtain substitute counsel and have that new attorney file an appearance in this court. If Mr. Hohensee fails to do so in that period, he will be deemed at that point to be proceeding in a pro se capacity. In any event, petitioner's response to the pending motion to compel arbitration will be due within fourteen days of either the appearance of an attorney for petitioner or the expiration of the deadline for him to arrange for such an appearance, whichever of those two events takes place sooner.[3]

Withdrawing counsel also seek a charging lien for unpaid fees and costs in the amount of $22,388.14. (In Camera Beck Aff. ¶ 7 & Exs. B & C). There is no dispute that counsel performed the services reflected in their current papers, including consultation with their client, preparation of the initial pleading, review of papers filed by Kaye Scholer, communications with defendant's counsel, and initial consideration of how to respond to the motion to compel arbitration. The record also reflects that both sets of attorneys for Mr. Hohensee provided engagement letters to him in

---

[3] We see no need to impose any other conditions on Mr. Hohensee. Specifically, we see no need to require at this time that he proceed on a pro se basis, as Kaye Scholer has requested. (Zifchack Letter to the Court, 2).

4

which they specified the terms of their representation of him, including fees and other payment terms. (<u>Id.</u> Ex. A).[4] Although the engagement letter of Beck Reed & Riden is dated (and we assume was provided to Mr. Hohensee) only on April 18, 2011 -- several weeks after the firm began working on his behalf -- he accepted the services that counsel provided through the relevant period and has benefitted from them. Finally, the movants' <u>in camera</u> submission includes a set of invoices that reflect billings for the work they performed (<u>id.</u> Exs. B & C), and those invoices are consistent with the payment terms specified in the engagement letters.

As for the amounts billed, the invoices record that Rosenberg & Giger charged petitioner $540.00 for attorney time in March and $9,427.50 in fees for work in April, and billed him $517.64 in specified disbursements. (<u>Id.</u> Ex. B). As for Beck Reed & Riden, it billed Mr. Hohensee $6,342.00 in fees for work in March and $5,561.00 in fees for April and May. (<u>Id.</u>, Exs. B & C). These amounts are, on their face, reasonable, and hence, whether as a matter of contract or as a measure of <u>quantum meruit</u>[5], we conclude

---

[4] It appears that Mr. Hohensee never signed the letter agreements from either firm.

[5] Even in the absence of an agreement between counsel and client or even adequate notice by the attorney of the terms of the retainer, if the attorney provided valuable services he will

that counsel should have a charging lien to cover these items. The charging lien will therefore be set at $22,388.14.

## CONCLUSION

For the reasons stated, the motion of petitioner's counsel for leave to withdraw and for a charging lien are granted on the terms specified in this Memorandum and Order.

Dated: New York, New York
       July 15, 2011

_____
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

---

ordinarily be entitled to payment of the reasonable value of those services. See, e.g., Chernis v. Swarzman, 2007 WL 2230078, *8-12 (S.D.N.Y. Aug. 2, 2007).

6

Copies of the foregoing Memorandum and Order have been sent today by facsimile to:

Russell Beck, Esq.
Fax: (617) 500-8665

William Charles Zifchak, Esq.
Fax: (212) 836-8689

And by mail to:

Dr. Wolfgang Hohensee
Charlottestrasee 59
D-10119 Berlin
Germany